# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX AGUILAR, | CASE NO. 1:09-cv-01849-AWI-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| OFFICER JASON HOOVER AND FRESNO POLICE DEPARTMENT, | |
| Defendants. | (Doc. 1) |

### Screening Order

Plaintiff Alex Aguilar is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 21, 2009.

**I.   Screening Requirement and Pleading Standards**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

///

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.      Plaintiff's Complaint**

    **A.      Factual Allegations**

On July 30, 2009, Plaintiff and his family left the Taco Bell Restaurant at the corner of Shields and First Street in Fresno at closing time, about 9:30 p.m., in a car belonging to and driven by Plaintiff's wife.[1]  As the family drove away, Plaintiff observed two marked Fresno Police

///

---

[1] Plaintiff does not identify his wife by name.  For ease in narration, the Court will refer to Plaintiff's wife as Mrs. Aguilar.  No disrespect is intended in the event that Plaintiff's wife does not use his surname.

2

1  Department cars.  One of the police cars car pulled behind Mrs. Aguilar's car and turned on its
2  emergency lights.  Mrs. Aguilar pulled over.
3        An officer left the police car, approached Mrs. Aguilar's car, and requested identification.
4  Mrs. Aguilar produced her driver's license, and Plaintiff identified himself by name and birthdate.
5  Then, cognizant of an outstanding arrest warrant against him, Plaintiff panicked and fled.
6        At about 1:30 a.m. the next day, Plaintiff returned to the Taco Bell to turn himself in.  As
7  Plaintiff approached the restaurant, he observed a K-9 police car parked in the alley with its lights
8  off, six police officers, a K-9 sergeant, and an unleashed German shepherd police dog.  Plaintiff
9  got on the ground and identified himself.
10       At a signal from the uniformed K-9 officer, the dog, which had ignored Plaintiff up to that
11 point, attacked Plaintiff, attempting to bite his face.  When Plaintiff shielded his face with his
12 hands, the dog bit the top and back of Plaintiff's shoulder, and his underarm.
13       Plaintiff was transported by ambulance to Community Hospital, where he received sixteen
14 stitches, ten of which were in his underarm.  Plaintiff alleged that his wounds remained open and
15 had become infected.

### B. **Excessive Force**

17       Plaintiff contends that, since he had placed himself on the ground and obeyed the officers'
18 directions after he returned to surrender, using a police dog against him constituted excessive force.
19       Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment,
20 people are to be secure against unreasonable searches and seizures.  *Maryland v. Pringle*, 540 U.S.
21 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643, 647-48 (1961).  Each case is determined on its
22 specific facts and circumstances.  *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).  Those
23 facts and circumstances will determine the Fourth Amendment's reach in a particular case.  *Terry*
24 *v. Ohio*, 392 U.S. 1, 29 (1968).
25       A seizure occurs when the government ends a person's freedom of movement by
26 intentionally applied means.  *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*,
27 489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly
28 analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Id.*; *Graham v.*

3

1  *Connor*, 490 U.S. 386, 388 (1989).  Accordingly, to evaluate a Fourth Amendment claim, this
2  Court must consider whether each Defendant's actions were objectively reasonable in light of the
3  facts of the arrest.  *Scott*, 550 U.S. at 381.  Accordingly, the Court must consider whether the
4  officer's actions were objectively reasonable in light of the facts and circumstances of the arrest,
5  without regard to their underlying intent or motivation.  *Graham*, 490 U.S. at 387.  Reasonableness
6  of the type of force used is evaluated from the perspective of an officer on the scene and must
7  include an allowance for the fact that police officers are often forced to make a split-second
8  determination of the necessary amount of force.  *Id.*

9       A police officer's use of a police dog in effecting an arrest is subject to excessive force
10 analysis.  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Mendoza v. Block*, 27
11 F.3d 1357, 1362 (9th Cir. 1994), *as amended* (May 31, 1994).  Whether the alleged facts support an
12 excessive force claim is a matter for the jury.  *See, e.g., Smith v. City of Hemet*, 394 F.3d 689, 703-
13 04 (9th Cir.), *cert. denied*, 545 U.S. 1128 (2005).  Accordingly, Plaintiff has alleged facts sufficient
14 to pursue a cognizable excessive-force claim.

15     **C.**    **Defendants**

16      Nonetheless, because of uncertainty regarding the Defendants in this case, the Court must
17 dismiss this case for failure to state a cognizable claim and provide Plaintiff with the opportunity to
18 amend his complaint.  Although the caption names as Defendants the Fresno Police Department
19 and K-9 Officer Jason Hoover, the body of the complaint indicates that Angelinda S. Ramirez and
20 Eliyah Noel Ramirez are additional defendants.  Nothing in the complaint identifies Angelinda S.
21 Ramirez and Eliyah Noel Ramirez, or explains the nature of Plaintiff's claims against them.
22 Accordingly, Plaintiff must amend the complete either to delete the reference to Angelinda S.
23 Ramirez and Eliyah Noel Ramirez, or to add their names to the caption, to identify the nature of
24 Plaintiff's claim(s) against them, and to incorporate factual allegations supporting Plaintiff's
25 claim(s) against them.

26      Plaintiff must also add detail to link Defendant Hoover to his allegations.  As the complaint
27 is presently written, the Court is uncertain whether the K-9 sargent and the uniformed K-9 officer
28 are one or two individuals.  If the K-9 sargent and the K-9 officer are different people, Plaintiff

must amend his complaint to indicate which individual is Defendant Hoover.

Finally, Plaintiff does not articulate the nature of his claim(s) against the Fresno Police Department.  He must do so in his amended complaint.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

Finally, Plaintiff is again reminded that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

///

5

4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   February 1, 2011**              /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE