1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEX AGUILAR,                          CASE NO. 09-cv-01849-AWI-BAM

12                                          FINDINGS AND RECOMMENDATIONS TO
                   Plaintiff,               DENY DEFENDANTS' APPLICATION FOR OSC
13                                          RE: DISMISSAL AND TERMINATING
           v.                               SANCTIONS
14

15   OFFICER JASON HOOVER, CITY OF
     FRESNO POLICE DEPARTMENT,
16
                   Defendants.
17   _____/

18                              **INTRODUCTION**

19         Pending before the Court is defendants Officer Jason Hoover's and Fresno County Police's

20   (collectively referred to as the "Defendants") Application For Order to Show Cause Regarding

21   Dismissal and Terminating Sanctions Pursuant to Federal Rule of Civil Procedure 37 For

22   Disobedience of a Discovery Court Order (hereinafter referred to as "Defendant's Motion").  (Doc.

23   30.)[1]  Defendants move this Court to dismiss plaintiff Alex Aguilar's ("Plaintiff") claims, as well as

24   assess monetary sanctions against Plaintiff, as a sanction for failing to respond to Defendants'

25

26         [1] While the caption of Defendants' Motion suggests Defendants seek issuance of an Order to Show Cause setting
27   a hearing on why Plaintiff's claims should not be dismissed as a sanction for failing to respond to Defendants' discovery
     requests, based on the arguments and exhibits presented in Defendants' moving papers, Defendants' Motion is more
28   appropriately viewed as a Motion for Terminating and Monetary Sanctions under Rule 37.  As such, these Findings and
     Recommendations address whether terminating and/or monetary sanctions are warranted in this matter.

                                           1

1  Requests for Admissions. (Defs.' Mot. Terminating Sanctions, 6: 2-6, Doc. 30.) Defendants argue

2  that terminating and monetary sanctions are warranted in this matter pursuant to Rule 37 of the

3  because Plaintiff has disobeyed two court orders requiring Plaintiff to respond to Defendants'

4  Requests for Admissions.  (Defs.' Mot. Terminating Sanctions, 1: 26-28, 3: 24-27, 4: 10-11, Doc.

5  30.)  Plaintiff has not submitted any Opposition to Defendants' Motion, and Defendants submitted a

6  Reply Brief on October 24, 2011, notifying the Court of Plaintiff's failure to oppose. (Doc. 35.)  The

7  Court examined the motion and determined that this matter was suitable for decision without oral

8  argument pursuant to Local Rule 230(g).  The hearing scheduled for November 7, 2011 was vacated.

9  **PROCEDURAL BACKGROUND**

10      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

11  pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on October 21, 2009.  (Doc. 1.)  On

12  February 2, 2011, the Court dismissed Plaintiff's claims without prejudice pursuant to 28 U.S.C. §

13  1915(e)(2)(B)(ii).  (Doc. 11.)  Plaintiff filed his First Amended Complaint on February 22, 2011.

14  (Doc. 12.)  Defendant Hoover filed his Answer on May 4, 2011.  (Doc. 18.)[2]  On June 3, 2011,

15  Defendant City of Fresno propounded its first set of Requests for Admissions on Plaintiff.  (Defs.'

16  Mot. Terminating Sanctions, Attach. 1, Doc. 30.)[3]  The Court issued its Scheduling Order on June 9,

17  2011.  (Doc. 19.)  On July 5, 2011, Plaintiff filed a motion for a sixty-day extension of time to

18  respond to Defendant City of Fresno's Requests for Admissions.  (Doc. 20.)  The Court granted

19  Plaintiff's request on August 10, 2011.  (Doc. 24.)  On September 2, 2011, Plaintiff requested

20  another sixty-day extension to respond to City of Fresno's Requests for Admissions.  (Doc. 27.)  The

21  Court denied Plaintiff's second request for an extension of time to respond to City of Fresno's

22  Requests for Admissions on September 7, 2011.  (Doc. 29.)  On September 29, 2011, Defendants

23

24      [2] While Defendants Hoover and City of Fresno are represented by the same counsel, and at times have jointly participated in these proceedings - such as the instant motion - it is clear that the Answer submitted on May 4, 2011, was on

25  behalf of Defendant Hoover only.  (Hoover Ans., 1: 19-21, Doc. 18) ("COMES NOW, Defendant, Jason Hoover, and answering the unverified First Amended Complaint *for himself alone* . . . .") (emphasis added).

26      [3] Defendant City of Fresno was the only party listed as the propounding party of the Requests for Admissions.

27  (Defs.' Mot. Terminating Sanctions, Attach 1, Doc. 30).  Furthermore, the title of the Request for Admission specifically states "Defendant City of Fresno's First Set of Requests For Admissions To Plaintiff," and throughout the document, the term

28  "Defendant" is never used in its plural form, thus, preventing any inference that the document was intended to be on behalf of both Defendant Hoover and Defendant City of Fresno.

2

1   Hoover and City of Fresno filed the instant Motion.  (Doc. 30.)  On October 10, 2011, Defendant

2   City of Fresno filed its Answer to Plaintiff's First Amended Complaint.  (Doc. 33.)[4]

3                                              **DISCUSSION**

4   **A.      Legal Standard For Issuance of Terminating Sanctions**

5           District courts have the inherent power to control their dockets and "in the exercise of that

6   power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson*

7   *v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  Rule 37(b), which governs circumstances

8   where a party fails to obey an order to provide or permit discovery, permits the following sanctions:

9           (ii) prohibiting the disobedient party from supporting or opposing designated claims or
            defenses, or from introducing designated matters in evidence;
10          (iii) striking pleadings in whole or in part;
            (iv) staying further proceedings until the order is obeyed;
11          **(v) dismissing the action or proceeding in whole or in part;**
            (vi) rendering a default judgment against the disobedient party; or
12          (vii) treating as contempt of court the failure to obey any order except an order to submit to a
            physical or mental examination.

13      Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii) (emphasis added).

14          In determining whether to dismiss an action for failure to obey a court order, the court must

15  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

16  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

17  disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik v.*

18  *Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130

19  (9th Cir. 1987).  When a court order is violated, the first and second factors generally favor sanctions

20  and the fourth cuts against them.  *Computer Task group, Inc. v. Brotby,* 264 F.3d 1112, 1115 (9th Cir.

21

22          [4] The Court notes the highly unusual procedural irregularities referenced above.  Arguably, Defendants Hoover and
23  City of Fresno are not in a position to make the instant Motion.  First, while the Defendants have jointly made the instant
    Motion (Doc. 30), only Defendant City of Fresno was listed as the propounding party of the Requests for Admissions.  *See,*
24  *supra,* n. 3.  Accordingly, Defendant Hoover does not have standing to seek sanctions for Plaintiff's failure to respond to the
    subject discovery requests. *See, Payne v. Exxon Corp.,* 121 F.3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party,'
25  however, may bring a motion to compel a response to specific interrogatories, requests for production, and the like."  The
    non-propounding party "would not have standing to move to compel answers.")  Additionally, Defendant City of Fresno
26  propounded these Requests for Admissions before filing its Answer or participating in the Court's Rule 16 Scheduling
    Conference.  As such, City of Fresno has not addressed whether it was procedurally postured to propound these discovery
27  requests.  However, because the Court can decide Defendants' Motion without determining the effect of these procedural
    irregularities, the Court does not decide whether Defendant Hoover has standing to challenge the delinquent discovery
28  requests, nor does the Court decide whether Defendant City of Fresno was procedurally postured to request the subject
    discovery from Plaintiff.

2004).  Thus, the propriety of ordering terminating sanctions will often turn on the third and fifth factors.  *Id.*

**B.      Plaintiff Has Not Violated A Court Order**

Plaintiff has not violated any orders of this Court.  Defendants suggest that on August 10, 2011 (Doc. 24), and September 6, 2011 (Doc. 29), the Court ordered Plaintiff to respond to Defendants' written discovery.  (Defs. Mot. Terminating Sanctions, 3: 20-21, Doc. 30.)  Defendants misconstrue those two orders.  Neither of these Orders *required* Plaintiff to respond to Defendants' discovery; rather, these Orders simply grant Plaintiff an extension of time to seasonably respond to Defendants' discovery requests in the first instance (Doc. 24), and denied Plaintiff an extension of time to respond to Defendants' discovery requests in the latter instance.  (Doc. 29.)  Even assuming, however, that these two Orders were construed as requiring Plaintiff to respond to Defendants' discovery requests, Defendants could not meet the substantial showing required for the issuance of such drastic sanctions.

**C.      The Lack of Prejudice to Defendant, As Well As The Availability of Less Drastic Alternatives, Mitigate Against The Issuance of Sanctions**

Defendants' Motion relates solely to Plaintiff's failure to respond to Defendants' Requests for Admissions.  (Defs.' Mot. Terminating Sanctions, 3: 3-4, Doc. 30.)  Such a motion is largely superfluous because a failure to respond to requests for admissions results in "automatic admission of the matters requested . . . No motion to establish the admission is needed because Federal Rule of Civil Procedure 36(a) is self-executing."  *Fed. Trade Comm'n v. Medicor LLC,* 217 F. Supp.2d 1048, 1053 (C.D. Cal. 2002).  Because this automatic sanction grants Defendants complete relief for the failure to respond, i.e., that all matters requested are deemed admitted as a matter of law, there are "less drastic alternatives" available to the issuance of terminating sanctions.  Furthermore, because Defendants have not suffered any harm resulting from Plaintiff's failure to respond to Defendants' discovery requests, denying Defendants' Motion to terminate Plaintiff's claims does not risk prejudice to Defendants.  *See, Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996) (The "expense incurred in defending against a lawsuit does not amount to legal prejudice.")

4

1

**D.    Monetary Sanctions**

2      Defendants have also requested monetary sanctions.  Rule 37(b)(2)(C) permits the imposition

3  of monetary sanctions for a party's failure to comply with a discovery order.  Here, however,

4  Plaintiff has not violated any court orders.  Furthermore, this Motion was unnecessary because the

5  sanctions available to Defendants are self-executing. Therefore,  the Court denies Defendants'

6  request for monetary sanctions.[5]

7                    **CONCLUSION AND RECOMMENDATIONS**

8      Having considered the moving and reply papers, the exhibits and declarations attached

9  thereto, as well as the Court's file, the Court RECOMMENDS that Defendants' Motion for

10  terminating and monetary sanctions be DENIED.

11      These findings and recommendations are submitted to the district judge assigned to this

12  action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

13  Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written

14  objections to these findings and recommendations with the Court and serve a copy on all parties.

15  Such a document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendations."  The district judge will review the magistrate judge's findings and

17  recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties

18  are advised that failure to file objections within the specified time may waive the right to appeal the

19  district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20      IT IS SO ORDERED.

21  **Dated:   November 7, 2011**          **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28      [5] Notably, Defendants have acknowledged that "[a]s an *in forma paupris* prisoner, monetary sanctions would be meaningless and ineffective." (Defs.' Reply, 2: 3-5, Doc. 35.)